UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Alston,   Case No. 1:21-cv-01923

    Petitioner

v.   MEMORANDUM OPINION
AND ORDER

Warden Ron Erdos,

    Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Mark Altson filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated in the Trumbull Correctional Institution serving a sentence of twenty-four years to life in prison imposed in 2005 by the Lorain County Court of Common Pleas for murder, aggravated robbery, having a weapon under disability, tampering with evidence, felonious assault, and four firearm specifications.  He asserts two grounds for relief: (1) the trial court erred in denying his Motion challenging his jury verdict form; (2) the trial court erred in denying his Motion to Vacate Sentence because his convictions for murder, aggravated robbery and felonious assault were allied offenses of similar import.  For the reasons set forth below, this Court finds the Petition to be successive and transfers this case to the United States Sixth Circuit Court of Appeals for permission to proceed.

## BACKGROUND

On May 12, 2005, Petitioner was indicted for aggravated robbery with a firearm specification in connection with a dispute over bad drugs that resulted in a fatal shooting. *See Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *1–13 (N.D. Ohio Sept. 30, 2010). Petitioner waived reading of the indictment and entered not guilty pleas to the charge and specification. *Id.* On May 26, 2005, a supplemental indictment was filed, charging Petitioner with murder, having weapons under disability, tampering with evidence, and felonious assault. *Id.* Each of these additional counts also included firearm specifications. *Id.* Petitioner entered not guilty pleas to all charges in the supplemental indictment, including the firearm specifications, and proceeded to trial. The jury found him guilty on all five counts, and the trial court sentenced him to an aggregate term of 24 years to life imprisonment.

Petitioner, with assistance of counsel, filed a timely appeal of his conviction to the Ohio Ninth District Court of Appeals for Ohio, raising the following assignments of error:

> (1) the trial court committed reversible error and abused its discretion when it refused to allow a jury instruction for the lesser included offense of reckless homicide; and
>
> (2) the conviction of Mark Alston was against the manifest weight of the evidence.

The state court of appeals affirmed the trial court in a written opinion on August 14, 2006. *State v. Alston*, No. 05CA008769, 2006 WL 2336627 (Ohio App. 9 Dist. Aug. 14, 2006). He appealed that decision to the Supreme Court of Ohio, asserting the same two claims that he raised before the state appellate court. *Id.* The Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question on December 27, 2006.

On September 11, 2006, Petitioner filed a *pro se* Motion for Leave to File a Delayed Appeal in the Ninth District Court of Appeals to pursue a claim for ineffective assistance of appellate counsel. *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *1–13 (N.D. Ohio Sept. 30, 2010).

The state appellate court construed the Motion as both a Motion for Leave to File a Delayed Appeal and a Motion to Reopen the Appeal. The appellate court denied both of these motions on September 21, 2006. *Id.* Petitioner did not appeal this decision.

On May 2, 2007, Petitioner filed another Application to Reopen his Appeal pursuant to App. R. 26(B), asserting the following assignment of errors:

> 1. The trial court error in failure [sic] to show burden of proving all the elements beyond a reasonable doubt. The defendant was denied due process of law and a fair trial in violation of the Fifth, Sixth, and Eighth, and Fourteenth Amendments to the United States Constitution and in violation of Crim R. 29.
>
> 2. The defendant was denied effective assistance of appellant [sic] counsel when appellant [sic] counsel refused to represent me by what counsel guaranteed me by the Sixth Amendment of the Constitution.

As cause for the Application's untimeliness, Petitioner asserted he was unable to obtain a copy of the trial transcript, without which he could not file a proper application. The appellate court denied the 26(B) Application as untimely on May 17, 2007. Petitioner did not appeal that decision to the Supreme Court of Ohio.

Petitioner filed his first Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 27, 2007. He asserted the following grounds for relief:

> GROUND ONE: The conviction of Mark Alston was against the manifest weight of the evidence.
>
> GROUND TWO: The trial court committed reversible error and abused its discretion when it refused to allow a jury instruction for the offense of reckless homicide.
>
> GROUND THREE: The defendant was denied due process and a fair trial when the trial court erred in admitting hearsay testimony.
>
> GROUND FOUR: The conviction for complicity to aggravated robbery is based upon insufficient evidence.
>
> GROUND FIVE: Due process in appeal, denied fair opportunity to present all issues, and denied fair review by the court.

*Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *1–13 (N.D. Ohio Sept. 30, 2010). On October 5, 2007, Petitioner filed an Amended Petition in which he amended Ground Three as follows:

> AMENDED GROUND THREE: The defendant was denied due process and a fair trial when the trial court erred in admitting hearsay testimony and admitting inadmissible evidence.

On June 9, 2008, with no explanation and without seeking leave, Petitioner filed a Second Amended Petition asserting the following ground for relief:

> GROUND SIX: The Petitioner Alston's conviction is tainted and defective and his due process rights were violated in the defective indictment, in prosecution for aggravated robbery where the indictment omitted the required *mens rea* recklessness for the crime of aggravated robbery in violation of the Fourteenth Amendment of the United States Constitution.

*Id.* The District Court denied the Petition on the merits. *Id.*

Petitioner appealed that decision to the United States Sixth Circuit Court of Appeals on October 22, 2010. He asserted that there was insufficient evidence to support his convictions for aggravated robbery, felonious assault, and felony murder. *Alston v. Voorhies*, No. 10-4373 (6th Cir. May 30, 2012). The Sixth Circuit granted Petitioner's request for a Certificate of Appealability and considered the ground on its merits. Ultimately, the Court determined there was sufficient evidence to support the guilty verdict and affirmed the District Court's denial of the Habeas Petition. He filed a Petition for a Writ of Certiorari in the United States Supreme Court; however, the Supreme Court declined the Petition on October 30, 2012.

Three years later, in March 2016, Petitioner returned to state court and filed a Motion to Vacate his Sentence in the trial court, claiming his sentence was void because the court imposed post release control for an unclassified special felony but did not impose it for his other offenses. *See State of Ohio v. Alston*, No. 16CA010945, 2017 WL 1901155 (Ohio 9 Dist. App. Ct. May 8, 2017). He

4

also claimed the trial court sentenced him based on offense levels that were higher than supported by the jury's verdicts. The court denied his Motion and he appealed. The Ohio Appellate Court determined on May 17, 2017 his claim was barred by *res judicata* because it could and should have been asserted in his direct appeal. *Id.* Undeterred, Petitioner filed a second Motion to Vacate in the trial court in May 2017, claiming his sentences were void because the counts are allied offenses of similar import. The trial court denied the Motion and Petitioner appealed. The Ninth District Court of Appeals once again applied *res judicata*, stating the claim could and should have been raised on direct appeal. Petitioner appealed both of these decisions to the Supreme Court of Ohio. The Supreme Court declined Petitioner's appeals on September 27, 2017, and April 25, 2018 respectively.

Petitioner filed a second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in 2018. *See Alston v. Bracy*, No. 1:18 CV 1881 (N.D. Ohio Jan. 9, 2019) (Zouhary, J.) He asserts two grounds for relief: (1) the trial court sentenced him to offense levels higher than those supported by the jury forms; and (2) his sentences are void because the counts are allied offenses of similar import (Doc. 1 at 6, 8). He acknowledged his Petition was untimely but claimed his sentence was void and this allowed him to raise claims at any time. Petitioner voluntarily dismissed his Petition stating he believed it was barred by *res judicata*.

Petitioner again returned to state court and filed three post judgment motions. His first two Motions claimed his judgment of conviction was not a final appealable order and his judgment was void. The state court determined that he had served that sentence and his claims were moot. He also filed a Motion claiming his judgment was void because it did not state whether he was convicted by a judge or a jury. The trial court denied that Motion as well. Petitioner appealed all three Motions to the Ohio Ninth District Court of Appeals. The Appellate Court upheld the trial court's rulings on the first two motions but reversed the third in part finding that the judgment indeed lacked language regarding whether the decision was that of a judge or a jury and remanded the case with an instruction to the trial court to issue a *nunc pro tunc* Order correcting the judgment to

include this language. *See State of Ohio v. Alston*, No. 19 CA 11532 (Ohio 9 Dist. App. Ct. Aug. 31, 2020).

Petitioner has now filed his third Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. In this Petition, he asserts three grounds for relief:

> GROUND ONE: The Trial Court erred in denying his Motion for a final appealable order.
>
> GROUND TWO: The Ohio Appellate Court erred in affirming the Trial Court's denial of his Motion to Correct Judgment as sentence is void.
>
> GROUND THREE: The Ohio Appellate Court erred when it failed to declare his judgment and sentence void because it did not contain language indicating whether the verdict was determined by a judge or a jury.

He asks this Court to remand his case to the trial court with the instruction that they issue a final appealable order, or in the interest of justice void his conviction and sentence.

## SUCCESSIVE PETITIONS

Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, Petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the Application. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive Petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the Petition to the Sixth Circuit Court of Appeals. *Id.*

To be "successive" within the meaning of the statute, the second Petition must relate to the same conviction or sentence under attack in the prior Petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). Not all subsequent Petitions relating to the same conviction or sentence, however, are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). Otherwise, "a dismissal of a first Habeas Petition for technical procedural reasons

would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. A later Petition is not successive where the first Petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); or the first Petition was dismissed because Petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California*, No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In these contexts, the Petitions were not successive, and did not require prior authorization from the Court of Appeals, because the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-86. Conversely, when a prior Petition is dismissed "on the merits," it is successive and the prisoner must obtain authorization from the Court of Appeals before filing a second Petition. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second Petitions filed after the Petitioner's first Petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations. *Id.*, *Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

Petitioner filed a prior Petition and received a decision on the merits of that Petition both from the District Court and the Court of Appeals. He then returned to state court with new theories to challenge his convictions and sentences. The state trial court dismissed the claims on the merits. The state appellate court reversed the ruling in part, stating that the judgment did not contain the language explaining whether the verdict was determined by a judge or a jury. Rather than declaring the judgment to be void as Petitioner requested, the appellate court simply instructed the trial court to correct the judgment *nunc pro tunc* to include the missing language. He now seeks to pursue habeas relief claiming the Ohio courts erred in their decisions. This is a successive Petition. That being the case, this Court is without jurisdiction to entertain this Petition, unless authorized to do so by the Court of Appeals for the Sixth Circuit.

## CONCLUSION

For the forgoing reasons, the Petition is transferred to the United States Sixth Circuit Court of Appeals for permission to proceed with a successive Petition.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge